ISMERT HINKE MILLING Co., Plaintiff and Appellee, *v.* JACINTO MUÑOZ, Defendant and Appellant.

No. 4272. Argued January 12, 1928.—Decided March 7, 1928.

*Antonio L. López* for the appellant. *Besosa & Besosa* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of Humacao rendered a judgment for the plaintiff corporation in an amount exceeding $1,300 and an appeal is duly before us.

The complaint said that the plaintiff was a corporation domiciled in Missouri with its principal office in Kansas

City, Mo., while the proof showed that the said corporation was domiciled in Kansas.

The answer accepted the statement of the complaint and the capacity of the plaintiff in this regard was not drawn into question. *Houston Packing Co.* v. *Pagán López & Co.*, 20 P.R.R. 233; *Meunier Freres* v. *Amil*, 25 P.R.R. 738. Still in plaintiff's own interest it was necessary to establish its own identity and this we think it did successfully.

Kansas City, Missouri, is on the border line of the State of Missouri with a river separating it from Kansas. There is a Kansas City, Kansas, connected by a bridge or bridges with Kansas City, Missouri. The two places have a great many commercial interests in common. We shall not stop to inquire whether we may take judicial notice of these facts, because the error was insubstantial and the complaint capable of being considered as amended even on appeal in conformity with our decision in the cases of *Valdés* v. *People of Porto Rico*, 31 P.R.R. 213, and *Dragoni* v. *U. S. Fire Insurance Co.*, 36 P.R.R. 425.

The defendant alleged the incapacity of the plaintiff on another ground, namely, that as a foreign corporation it had attempted to do business in Porto Rico without being duly registered in the office of the Executive Secretary of Porto Rico. The suit was on a draft accepted but not paid. The defense alleged was a failure of consideration although no attempt was made to prove this averment.

Even on the theory that the goods delivered were worthless, the incapacity alleged could not be maintained. The plaintiff was doing business in Porto Rico merely by reason of a sale made proceeding from Kansas, as was the case here. The idea of our statute is not to prevent sales from the continent of the United States to Porto Rico, but to prevent a foreign corporation from setting itself up in business here without obtaining registration.

The statute fixes a penalty, moreover, for violation, and the free intercourse between all parts of the United States would estop a defendant from buying goods and then refusing to pay the price. A purchaser of goods may not enrich himself in this way. This is indicated in the cases first cited herein.

There is some intimation in the brief of the appellant that the acceptance of the draft was an act in Porto Rico. The acceptance was still not the doing of business here and the contention is markedly frivolous. The decision in *Royal Bank of Canada* v. *McCormick*, 27 P.R.R. 383, is applicable.

The draft was made payable to the order of the First National Bank, Kansas City, Missouri. The bank attempted to collect it, but was never anything more than the agent of the plaintiff corporation, which was always the owner and holder of the said draft. Code of Commerce, section 480; Law of Evidence, art. 102, pars. 11 and 13.

The court below said:

"With regard to the ownership of the obligation, the same is at present in the drawer, it being a disputable presumption 'that things which a person possesses are owned by him' (Section 102, Law of Evidence, par. 11), and this being so it must be agreed that such ownership is as if the draft had been taken back from the third person to whose order it was drawn, the ownership thereof reverting to the drawer."

Hence, the defense that an endorsement from the bank was necessary is not at all sound.

The appeal was a frivolous one and of course we find no error in the imposition of costs, but the appellee admits that the court erred in fixing the amount sued for at $1,582, instead of $1,282, and the judgment should be modified accordingly and then affirmed.

Mr. Justice Texidor took no part in the decision of this case.